IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:05-1116-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Julian Jackson, a/k/a "Ju-Ju," | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion to vacate, filed in this court pursuant to 28 U.S.C. § 2255. For the reasons stated below, the court **grants** the Government's motion for summary judgment except as to a portion of Defendant's first ground for relief.

**Background**

On October 19, 2005, a federal Grand Jury indicted Defendant, charging him and others with a conspiracy to distribute five kilograms or more of cocaine and 50 kilograms or more of cocaine base ("crack" cocaine), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.

On May 16, 2006, Defendant pleaded guilty to a lesser-included offense pursuant to a written plea agreement. Defendant pleaded guilty to a conspiracy to distribute a quantity of cocaine and a quantity of crack cocaine. The plea agreement did not contain a stipulation to drug weights. The plea agreement contained one stipulation, namely, that Defendant was a career offender pursuant to U.S.S.G. §4B1.1. The plea agreement also contained waivers of Defendant's rights to direct appeal and of a § 2255 motion (except as to claims of ineffective assistance of counsel or prosecutorial misconduct).

A Presentence Report (PSR) was prepared by the United States Probation Office (USPO). According to the PSR, Defendant, as a career offender, had a criminal history category of VI and

a total offense level of 33, resulting in a guideline range of 235–293 months' imprisonment. On September 26, 2006, Defendant appeared for sentencing. Defendant did not object to the information contained in the PSR. However, Defendant did move for a variance sentence, based upon, *inter alia*, an over-representation of his criminal history. This court granted Defendant's motion and varied down two levels from the calculated guideline range. This resulted in an offense level 31, with an imprisonment range of 188–235 months. Defendant was sentenced to 188 months' imprisonment, followed by six years' supervised release, and a $100 special assessment. Defendant did not appeal.

On July 30, 2007, Defendant timely filed this § 2255 motion. The motion contains three grounds for relief, all brought under a claim of ineffective assistance of counsel. Defendant's first ground for relief contends that Defendant directed counsel to file a notice of appeal after he was sentenced, but that counsel did not do so. Defendant's second claim for relief asserts that counsel was ineffective in failing to challenge the validity of Defendant's state court convictions contained in paragraph 34 of the PSR. Defendant's third ground for relief alleges counsel was ineffective in failing to challenge the Government's purported breach of the parties' plea agreement. For the reasons set forth below, the court **grants** the Government's motion for summary judgment except as to Defendant's first ground for relief.

**Standard**

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective

2

assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).[1] An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

### Ground One

Defendant contends that he directed counsel to file a notice of appeal after his sentencing, but that his attorney failed to do so. The Government responds in opposition, and seeks an evidentiary hearing.

The Supreme Court has observed that, in those cases where counsel is constitutionally required to consult with the defendant about an appeal, a presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). Thus, where the defendant unequivocally instructs his attorney to file a timely notice of appeal, prejudice is presumed because it results in the "forfeiture" of the appellate proceeding. *Id*. Whether the defendant has met the prejudice standard "will turn on the facts of [the] particular case." *Id.* at 485. However, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly

---

[1]The Government cites *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), for the proposition that to establish prejudice a defendant must show that "there is a reasonable probability that, but for counsel's error, [a defendant] would not have pleaded guilty and would have insisted on going to trial." This would be the proper standard if Defendant were challenging his conviction. However, as Defendant is challenging the actions of his counsel at sentencing, the familiar *Strickland* standard is applicable.

relevant in making [the prejudice] determination." *Id.* In demonstrating prejudice, the defendant is under no obligation "to demonstrate that his hypothetical appeal might have had merit." *Id.* at 486.

Defendant signed a plea agreement which contained a waiver of his right of direct appeal. Defendant's attorney, Allen B. Burnside (Burnside) avers that Defendant "instructed counsel **not** to file an appeal and affirmed that request in writing . . . ." Aff. of Allen B. Burnside (hereafter "Burnside Aff.") at 1 (Dkt. # 247-2, filed Oct. 10, 2007). Attached to Burnside's affidavit is a copy of a form executed by Defendant, which indicates that after discussing his appeal rights with counsel, Defendant did not want to appeal his conviction or sentence. *See id.*

Defendant has submitted an affidavit in response to Burnside's averments which avers that "I told my attorney . . . that I [wanted] him to file an appeal." Dkt. # 253-2, filed Oct. 24, 2007.

In a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. S*ee also United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) ( hearing is required if credibility determination is necessary to resolve an issue in a § 2255 motion). Therefore, because the record does not conclusively show that Defendant is not entitled to relief, the court must hold an evidentiary hearing on this issue, the specifics of which are addressed in the Conclusion, *infra*.

**Ground Two**

In Defendant's second claim for relief, Defendant maintains that the convictions in Paragraph 34 of his PSR cannot serve as offenses used to classify him as a career offender, as he contends these state court convictions were obtained in violation of his right to counsel, which he claims he did not waive. Therefore, Defendant asserts that counsel was ineffective in failing to challenge the validity of these convictions. The Government contends in its response that while the PSR is not clear that

4

Defendant was either represented by or waived counsel when he was convicted of these state charges, Defendant's (federal) plea agreement contained a stipulation that Defendant was a career offender, and that absent evidence to the contrary, the convictions are presumptively valid.

Defendant expressly stipulated in his written plea agreement that he was a career offender. At the Rule 11 hearing, Defendant acknowledged that he had read the agreement, had discussed it with his attorney, understood its implications, and had voluntarily executed it. Moreover, after stipulating to the classification, Defendant did not, when given the opportunity, challenge the classification at sentencing.[2]

Defendant contends that he told counsel to challenge these convictions under *Custis*. This appears to be accurate, as counsel avers that he

> considered objecting to the use of the convictions contained in Paragraph 34 of the [PSR] to enhance [Defendant] as a career offender. Counsel inquired of [the Probation Officer] concerning this issue and was told that "notes on the interview sheet (reflect that) the defendant said he was represented by a public defender in these convictions."

Burnside Aff. at 1. This explanation provides basis for a reasoned decision not to challenge Defendant's prior convictions, particularly in light of the stipulation contained in the plea agreement. Additionally, this court inquired of Defendant if he had "had an opportunity to read, review, and discuss [with counsel] the presentence report . . ." Tr. of Sentencing at 2 (Dkt. # 246, filed Oct. 1, 2007). Defendant answered affirmatively. *Id*. The court then asked Defendant if he had any objections "to any of the factual statements in the report . . . ." *Id*. Defendant stated that he had no objections to anything in the PSR. *Id*.

---

[2]At sentencing, a defendant may collaterally attack a prior conviction used to enhance his sentence under the federal Sentencing Guidelines, but only if the prior conviction was obtained in violation of his right to counsel. *Custis v. United States*, 511 U.S. 485, 487 (1994). However, Defendant did not challenge the validity of the state court convictions contained in Paragraph 34 of his PSR during his sentencing.

5

Defendant provides the court with a copy of a recent state court pleading, wherein the South Carolina Attorney General, in his recitation of the facts, indicates that Defendant was "not represented by counsel" during the state court proceedings in question. Attachment to M. for Relief (Dkt. # 233-4, filed July 30, 2007). This does not advance Defendant's claim, as "not represented by counsel" does not necessarily mean that he was deprived of counsel, in violation of the Constitution.

Taken together with Defendant's lack of proof, counsel's actions were within the realm of effective assistance, as they fell within the "wide range of reasonable professional assistance." *Strickland*, *supra*, 466 U.S. at 689. Therefore, the Government is entitled to summary judgment on this claim.

### Ground Three – Failure to Challenge Alleged Breach of Plea Agreement

Defendant contends in his third ground for relief that his counsel was ineffective in failing to move to compel the Government's compliance with certain alleged promises that he (Defendant) believes were contained in his plea agreement.

For the reasons set forth in the Government's response, which this court adopts, the Government is entitled to summary judgment on this ground.

### Conclusion

The Government's motion for summary judgment is **granted as to Grounds Two and Three** of Defendant's motion for relief. This court must hold an evidentiary hearing on Defendant's claim that he directed counsel to file an appeal. A hearing is set in this matter for **Thursday, January 31, 2008 at 9:30 a.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to Ground One. Defendant is directed to bring to this hearing any and all supporting documentation

he has in his possession regarding this issue. The court appoints J. Christopher Mills, Esquire, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Defendant during this evidentiary hearing.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 20, 2007